# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| M.A., individually and on behalf of E.H., a minor,<br><br>**Plaintiffs,**<br><br>v.<br><br>**UNITED BEHAVIORAL HEALTH; OPTUMHEALTH BEHAVIORAL SOLUTIONS, INC.; and MOTION PICTURE INDUSTRY HEALTH PLAN,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:20-cv-00894-DAK-JCB<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

District Judge Dale A. Kimball referred this case to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Defendants United Behavioral Health; OptumHealth Behavioral Solutions, Inc. (collectively, "UBH"); and Motion Picture Industry Health Plan's ("Plan") (together with UBH, "Defendants") motion for a protective order to maintain the confidentiality designations Defendants placed on certain documents produced in discovery.[2] Based upon the analysis set forth below, the court grants Defendants' motion.

## BACKGROUND

This action arises out of a health care coverage dispute regarding the denial of coverage for mental health care provided to Plaintiff E.H.[3] Plaintiffs M.A. and E.H. (collectively,

---

[1] ECF No. 12.

[2] ECF No. 42.

[3] *See generally* ECF No. 9.

"Plaintiffs") assert causes of action against Defendants for: (1) recovery of Plan benefits under the Employee Retirement Income Security Act ("ERISA"),[4] and (2) violation of the Mental Health Parity and Addiction Equity Act ("MHPAEA").[5]

On November 29, 2021, Plaintiffs served Defendants with requests for admission, interrogatories, and requests for production of documents. In response, Defendants served written objections and responses and produced documents. Defendants designated some of those documents as "Confidential Information" under the stipulated protective order entered in this case.[6]

On October 7, 2022, Plaintiffs sent a letter to Defendants challenging the confidentiality designations Defendants placed on certain documents (collectively, "Disputed Documents").[7] The Disputed Documents consist of: (1) a Mental Health Parity Comparison conducted by Defendants; (2) the Milliman Care Guidelines for Subacute/Skilled Nursing Facility Care, which are held by non-party Anthem and subject to a third-party licensing agreement with MCG Health, LLC ("MCG"); and (3) UBH Clinical Technology Assessments.[8] On November 11, 2022, Defendants sent a response letter to Plaintiffs, in which Defendants indicated that they maintained their original position regarding the confidentiality designations placed on the Disputed Documents and intended to move for a protective order to maintain those

---

[4] 29 U.S.C. § 1132(a)(1)(B).

[5] *Id*. § 1132(a)(3).

[6] ECF No. 19.

[7] ECF No. 42-1.

[8] ECF No. 42 at 2; ECF No. 47 at 2-3.

designations.[9] Defendants subsequently filed the motion for protective order before the court.[10] Plaintiffs oppose Defendants' motion.[11]

Once Defendants' motion was briefed, the court ordered them to submit the Disputed documents for an in camera review.[12] After Defendants submitted the Disputed Documents, the court held oral argument on Defendants' motion.[13] At the conclusion of the hearing, the court ordered the parties to submit supplemental briefing on the following issues: (1) whether the court needs to address the extent to which any of the Disputed Documents must be disclosed under the mandatory disclosure provisions of ERISA and MHPAEA; (2) if the court is required to address that issue, whether the mandatory disclosure provisions preclude the court from permitting Defendants to designate the Disputed Documents as "Confidential Information"; and (3) the proper balancing test for confidentiality and the limits the court should impose on what the parties may do with the information and documents to which they may be entitled. The parties subsequently filed their supplemental briefs as ordered by the court.[14]

## LEGAL STANDARDS

Defendants' motion is governed by Fed. R. Civ. P. 26(c)(1)(G), which provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

---

[9] ECF No. 42-2.

[10] ECF No. 42.

[11] ECF No. 47.

[12] ECF No. 49.

[13] ECF No. 52.

[14] ECF No. 55; ECF No. 58.

3

> expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . .[15]

"Where a party seeks a protective order to maintain confidentiality designations of trade secrets or other confidential commercial information, the court must weigh 'the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'"[16] The party seeking a protective order "must satisfy a three-factor test by first, establishing the 'information sought is a trade secret or other confidential research, development, or commercial information' and second, demonstrating that its disclosure 'might be harmful.'"[17] "Lastly, the moving party must show the harm from disclosure 'outweighs the need for access.'"[18] If the party seeking a protective order "satisfies these three requirements, the burden 'shifts to the party seeking unrestricted disclosure to establish that such disclosure is relevant and necessary.'"[19]

## ANALYSIS

---

[15] Fed. R. Civ. P. 26(c)(1)(G).

[16] *Anne A. v. United HealthCare Ins. Co.*, No. 2:20-CV-00814, 2023 WL 197301, at *2 (D. Utah Jan. 17, 2023) (quoting *Mod. Font Applications v. Alaska Airlines*, No. 2:19-CV-00561-DBB-CMR, 2021 WL 364189, at *3 (D. Utah Feb. 3, 2021), *aff'd sub nom. Mod. Font Applications LLC v. Alaska Airlines Inc.*, No. 2:19-CV-00561-DBB-CMR, 2021 WL 3729382 (D. Utah Mar. 2, 2021), *appeal dismissed*, 56 F.4th 981 (Fed. Cir. 2022)) (other citations omitted).

[17] *Id.* (quoting *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 248-49 (D. Kan. 2010)) (citing *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1190 (10th Cir. 2009)).

[18] *Id.* (quoting *Digit. Equip. Corp. v. Micro Tech., Inc.*, 142 F.R.D. 488, 491 (D. Colo. 1992)) (citing *In re Cooper Tire & Rubber Co.*, 568 F.3d at 1190).

[19] *Id.* (quoting *Layne Christensen Co.*, 271 F.R.D. at 249) (citing *In re Cooper Tire & Rubber Co.*, 568 F.3d at 1190).

Below, the court first concludes that the balancing test set forth above is the proper standard to apply to Defendants' motion. Thereafter, the court applies the balancing test and concludes that Defendants are permitted to retain the confidentiality designations placed on the Disputed Documents. Therefore, the court grants Defendants' motion for protective order.[20]

I. **The Balancing Test Set Forth Above Is the Proper Standard to Apply to Defendants' Motion.**

Defendants argue that the balancing test outlined above is the proper standard to apply to their motion.[21] In response, Plaintiffs contend that the balancing test is not applicable because the mandatory disclosure provisions contained in ERISA and MHPAEA control, and, consequently, the Disputed Documents are publicly available. Plaintiffs further argue that the relevant statutory and regulatory provisions do not contain language allowing Defendants to designate as confidential information that is subject to mandatory disclosure.[22] Plaintiffs maintain that the

---

[20] In analyzing Defendants' motion, the court relies heavily on a well-reasoned Memorandum Decision and Order issued by Magistrate Judge Daphne A. Oberg, which addresses issues nearly identical to those presented here. *Anne A.*, 2023 WL 197301.

[21] Defendants briefly argue that the Disputed Documents are not among the categories of documents that are subject to mandatory disclosure under ERISA and MHPAEA. The court need not reach that issue because, as demonstrated below: (1) even if the court assumes that the Disputed Documents are subject to mandatory disclosure, they are not publicly available; and (2) Defendants have already produced the Disputed Documents to Plaintiffs.

[22] 29 U.S.C. § 1024(b)(4) (providing that an ERISA plan's administrator "shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated" (footnote omitted)); 29 C.F.R. § 2590.712(d)(1) ("The criteria for medical necessity determinations made under a group health plan with respect to mental health or substance use disorder benefits (or health insurance coverage offered in connection with the plan with respect to such benefits) must be made available by the plan administrator (or the health insurance issuer offering such coverage) to any current or potential participant, beneficiary, or contracting provider upon request."); 29 C.F.R. § 2590.712(d)(3) ("[F]or plans subject to ERISA,

lack of a confidentiality provision in the statutory and regulatory language is evidence that Congress and federal regulators determined that information subject to mandatory disclosure is not permitted to be treated as confidential. As shown below, Plaintiff's arguments fail, and, therefore, the court applies the balancing test to Defendants' motion.

Plaintiffs are correct in arguing that the mandatory disclosure provisions of ERISA and MHPAEA do not have language concerning confidentiality of any information produced under those provisions.[23] However, those provisions also lack any language mandating public release of the information,[24] and the court struggles to believe that Congress intended to suspend copyright laws for a swath of otherwise copyright-protected material by implication through ERISA, especially where a construction of ERISA and copyright laws are capable of co-existing without doing violence to either's language.[25] "The lack of provisions addressing confidentiality and public availability is neither ambiguous nor irrational."[26] "The broadest group with rights of

---

instruments under which the plan is established or operated must generally be furnished to plan participants within 30 days of request. Instruments under which the plan is established or operated include documents with information on medical necessity criteria for both medical/surgical benefits and mental health and substance use disorder benefits, as well as the processes, strategies, evidentiary standards, and other factors used to apply a nonquantitative treatment limitation with respect to medical/surgical benefits and mental health or substance use disorder benefits under the plan.").

[23] *Anne A.*, 2023 WL 197301, at *3.

[24] *Id.*

[25] *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1017-1018 (1984) (stating that "repeals by implication are disfavored" and "where two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective" (quotations and citations omitted)).

[26] *Anne A.*, 2023 WL 197301, at *3; *see also In re HealthTrio, Inc.*, 653 F.3d 1154, 1161 (10th Cir. 2011) ("It is a well[-]established law of statutory construction that, absent ambiguity or irrational result, the literal language of a statute controls." (quotations and citation omitted)).

access to this information consists of current and potential participants or beneficiaries."[27] "In other words, even if the [D]isputed [D]ocuments are subject to mandatory production, they are not publicly available. Instead, they are available only to an exclusive and definable group of people—potential and current plan participants and beneficiaries."[28]

Because the Disputed Documents have already been produced to Plaintiffs, the sole remaining issue is "the designation of [the Disputed Documents] as confidential, not their discoverability."[29] In considering that issue, the court employs the balancing test referenced above because "[n]othing about the language or structure of the mandatory disclosure provisions of ERISA or [MPHAEA] eliminates the need to balance the competing interests at stake when evaluating the appropriateness of confidentiality designations."[30]

## II. Defendants Are Permitted to Retain the Confidentiality Designations Placed on the Disputed Documents.

For Defendants to maintain the confidentiality designations placed on the Disputed Documents under the balancing test, Defendants must: (A) "establish the confidential nature of the [D]isputed [D]ocuments;" (B) "demonstrate harm might result from disclosure;" and (C) "show the risk of such harm outweighs Plaintiffs' interest in disclosure."[31] Once those three

---

[27] *Anne A.*, 2023 WL 197301, at *3 (citing 29 U.S.C. § 1024(b)(4); 29 C.F.R. § 2590.712(d)).

[28] *Id.*

[29] *Id.*

[30] *Id.* at *4; *see also In re Cooper Tire & Rubber Co.*, 568 F.3d at 1190 ("The need for the trade secrets [or confidential information] should be balanced against the claim of harm resulting from the disclosure."); *Suture Express, Inc. v. Cardinal Health 200, LLC*, No. 12-2760-RDR, 2013 WL 6909158, at *7 (D. Kan. Dec. 31, 2013) ("[C]ourts must balance the risk of inadvertent disclosure to competitors against the risk of prejudice to the other party's ability to prosecute or defend the present action.").

[31] *Anne A.*, 2023 WL 197301, at *4.

requirements are satisfied, the burden shifts to Plaintiffs to (D) demonstrate that unrestricted disclosure of the Disputed Documents is relevant and necessary.[32] As shown below, Defendants satisfy the requirements of the balancing test for the Disputed Documents, and Plaintiffs fail to carry their burden to show that unrestricted disclosure of the Disputed Documents is necessary.

      A.  <u>Defendants Have Established That the Disputed Documents Are Confidential</u>.

Defendants must first show that the Disputed Documents contain "'trade secret or other confidential research, development, or commercial information.'"[33] Along with their motion, Defendants submitted the declarations of: (1) Conor Bagnell, Senior Vice President, Product Management and Strategic Alliances at MCG;[34] (2) Janice Spinner, M.D., Chief Medical Officer for the Plan;[35] and (3) Jeffrey Meyerhoff, M.D., Senior National Medical Director for UBH.[36] Those declarations adequately demonstrate that the Disputed Documents contain commercially sensitive, proprietary, and confidential information from Defendants and non-parties MCG and Anthem.[37] Additionally, Defendants provide sufficient legal authority to show that documents

---

[32] *Id.* at *7; *see also In re Cooper Tire & Rubber Co.*, 568 F.3d at 1190; *Layne Christensen Co.*, 271 F.R.D. at 249.

[33] *Anne A.*, 2023 WL 197301, at *4 (quoting *Layne Christensen Co.*, 271 F.R.D. at 248); *see also In re Cooper Tire & Rubber Co.*, 568 F.3d at 1190.

[34] ECF No. 43.

[35] ECF No. 44.

[36] ECF No. 45.

[37] ECF No. 43, ¶¶ 7-8, 10 (providing that "MCG licenses [its] proprietary, copyrighted guidelines to subscribers for a fee"; "MCG does not make its guidelines generally available outside of license terms or other restrictions"; "MCG strictly limits access to the guidelines and takes substantial steps to protect their confidentiality"; and "MCG takes substantial internal steps to protect the confidential nature of the guidelines"); ECF No. 44, ¶¶ 4-6 (providing that the Plan does not make its Confidential Policies and Procedures available to "members of the general public"; the Plan "has taken various steps internally to ensure that the Confidential Policies and

similar to the Disputed Documents qualify as confidential.[38] Accordingly, Defendants have established that the Disputed Documents are confidential.[39]

    B. <u>Defendants Have Demonstrated That Unrestricted Disclosure of the Disputed Documents Will Result in Harm</u>.

Defendants "must next demonstrate that disclosure 'might be harmful.'"[40] Defendants rely upon the same declarations discussed above to show harm. Those declarations are sufficient to establish that unrestricted disclosure of the Disputed Documents would result in commercial

---

Procedures are not made available to the public and are considered to be confidential, business sensitive[,] and proprietary"; and the Plan "has in place various protections to avoid the public dissemination of the Confidential Policies and Procedures"); ECF No. 45, ¶¶ 3-5 (providing that UBH does not provide its Confidential Policies and Procedures "to anyone outside of UBH"; UBH "has taken various steps internally to ensure that the Confidential Policies and Procedures are not made available to the public, or to UBH's customers and competitors"; UBH's "Confidential Policies and Procedures are . . . considered to be confidential, business sensitive[,] and proprietary belonging to UBH"; and UBH "has in place various protections to avoid the public dissemination of the Confidential Policies and Procedures").

[38] *Aitken v. Aetna Life Ins. Co.*, No. 16-CIV-4606 (PGG) (JCF), 2017 WL 2558795, at *1-2 (S.D.N.Y. June 2, 2017) (finding an affidavit sufficient to establish the confidential nature of documents where the affidavit attested that the documents at issue were "not publicly available" and accessed "through a password-protected intranet system"); *He v. Cigna Life Ins. Co. of N.Y.*, No. 14 Civ. 2180(AT)(GWG), 2015 WL 4114523, at *2-3 (S.D.N.Y. July 8, 2015) (finding an affidavit sufficient to establish the confidential nature of the defendant's policies and procedures where the affidavit attested, among other things, that the defendant "does not disseminate the [policies and procedures] to the general public or to its competitors" and limits access to the policies and procedures via the company's password-protected intranet system (quotations and citation omitted)); *McQueen v. Life Ins. Co. of N. Am.*, No. CIV.A. 07-283-JBC, 2008 WL 4461936, at *3-4 (E.D. Ky. Oct. 1, 2008) (finding an affidavit sufficient to establish the confidential nature of documents where the affidavit attested that the documents were not publicly available and were subject to a confidentiality clause).

[39] Plaintiffs' only argument on this issue is that Defendants cannot show that the Disputed Documents are confidential because they are publicly available pursuant to the mandatory disclosure requirements of ERISA and MPHAEA. As demonstrated above, that argument fails.

[40] *Anne A.*, 2023 WL 197301, at *5 (quoting *Layne Christensen Co.*, 271 F.R.D. at 248); *see also In re Cooper Tire & Rubber Co.*, 568 F.3d at 1190.

and economic injury to Defendants and non-parties MCG and Anthem.[41] Further, Defendants cite to ample legal authority showing that statements like those made in Defendants' declarations are sufficient to show risk of harm from unrestricted disclosure.[42] Therefore, Defendants have established that unrestricted disclosure of the Disputed Documents will result in harm.

---

[41] ECF No. 43, ¶¶ 12-14 (providing that if "MCG's guidelines became generally and publicly available, the result would cause direct harm to MCG's business in at least two ways:" (1) "potential licensees could access and use the guidelines without MCG's knowledge and without paying licensing fees," which "could defeat MCG's business model and dissipate MCG's market"; and (2) "current or potential competitors could pirate or sell MCG's guidelines," "use MCG's guidelines to develop derivative guidelines," or "use MCG's guidelines to develop artificial intelligence and machine learning models," all of which would allow "would-be competitors to use MCG's guidelines to develop a broader suite of derivative products and services that would compete with MCG's products and services in a way that could avoid detection"); ECF No. 44, ¶ 5 (providing that "public dissemination" of the Disputed Documents "will result in competitive disadvantage to the Plan because its competitors and would be competitors will . . . have an advantage of using this information to compare their own policies and procedures to the Plan in an effort to improve them, without . . . having to invest the time, expense[,] and effort that the Plan expended to create the Confidential Policies and Procedures in the first place"); ECF No. 45, ¶ 4 (providing that "public dissemination of the Confidential Policies and Procedures, or any portion thereof, will result in competitive disadvantage to UBH because its competitors (and would-be competitors) will then have the advantage of using these policies and procedures to run their own claims and appeal departments or compare their own polices and procedures to UBH in an effort to improve them, without . . . having to invest the time, expense[,] and effort that UBH expended to create the Confidential Policies and Procedures in the first place").

[42] *Aitken*, 2017 WL 2558795, at *1-2 (finding an affidavit sufficient to show the risk of harm where the affidavit attested that the defendant "devoted significant time and money to developing the[] documents" and "that they would be valuable to [the defendant]'s competitors"); *He*, 2015 WL 4114523, at *2-3 (finding an affidavit sufficient to establish the risk of harm where the affidavit attested that the defendant "invested significant time and money in developing, maintaining[,] and updating the [policies and procedures] . . . over the course of many years, and at great expense" and that competitors could "gain a competitive advantage by copying and implementing [the] procedures, resulting in a cost savings for competitors and a disadvantage for [the defendant]" (quotations and citations omitted)); *McQueen*, 2008 WL 4461936, at *3-4 (finding an affidavit sufficient to demonstrate the risk of harm where the affidavit attested that the defendant "invested significant time and money" in the information; the information "would be valuable to [the defendant]'s competitors"; and a competitor could use the information to

      C. <u>The Risk of Harm to Defendants Outweighs Plaintiffs' Interest in Unrestricted Disclosure of the Disputed Documents</u>.

Finally, Defendants must demonstrate that the risk of harm from unrestricted disclosure of the Disputed Documents outweighs Plaintiffs' interest in disclosure.[43] "In considering this factor, courts weigh 'the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims.'"[44] As indicated above, Defendants have established a risk of commercial and economic harm that will result from unrestricted disclosure of the Disputed Documents. Plaintiffs, on the other hand, have not demonstrated that the confidentiality designations placed on the Disputed Documents—which have already been produced for use in this case—will in any way prevent or unduly burden the prosecution of their claims. Therefore, Defendants' risk of harm outweighs Plaintiffs' interest in unrestricted disclosure of the Disputed Documents.

      D. <u>Plaintiffs Fail to Establish That Unrestricted Disclosure of the Disputed Documents Is Necessary</u>.

Because Defendants have satisfied the three factors discussed above, the burden shifts to Plaintiffs to show that unrestricted disclosure of the Disputed Documents is relevant and necessary.[45] Importantly, Plaintiffs admit that the Disputed Documents have been produced and that the confidentiality designations placed on the Disputed Documents do not impede their

---

"negotiate a more advantageous contract for itself" and "simply adapt [the defendant]'s practices instead of expending the time and money necessary to develop its own procedures" (quotations and citation omitted)).

[43] *Anne A.*, 2023 WL 197301, at *6.

[44] *Id.* (quoting *Mod. Font Applications*, 2021 WL 364189, at *3) (other citations omitted).

[45] *Id.*; *see also In re Cooper Tire & Rubber Co.*, 568 F.3d at 1190; *Layne Christensen Co.*, 271 F.R.D. at 249.

ability to prosecute this case. For those reasons, Plaintiffs fail to carry their burden of showing that unrestricted disclosure of the Disputed Documents is necessary.

## CONCLUSION AND ORDER

As demonstrated above, Defendants have established that the Disputed Documents are confidential. Additionally, Defendants have shown a risk of harm that outweighs Plaintiffs' interest in unrestricted disclosure of the Disputed Documents. Finally, Plaintiffs have not demonstrated that the confidentiality designations placed on the Disputed Documents will impair their ability to prosecute this case. For those reasons, the court GRANTS Defendants' motion for a protective order to maintain the confidentiality designations they placed on the Disputed Documents.[46]

IT IS SO ORDERED.

DATED this 23rd day of May 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[46] ECF No. 42.